FILED

1    CAVIAR MICKENS
2    2309 SANTA MONICA BLVD.
     SANTA MONICA, CA 90404        2022 FEB -3  PM 1:11
3    CAVIARMICKENS36@YAHOO.COM
     SELF-REPRESENTING              CLERK        DISTRICT COURT
4                                   CENTRAL DIS. OF CALIF.
                                        LOS ANGELES
5                                   BY    KMN

6    **Pro Se**

7

8                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
9                    WESTERN DIVISION OF LOS ANGELES

10
     CAVIAR MICKENS,                    2:22-CV-763-FLA-Ex
11
              Plaintiff,           **FEDERAL COMPLAINT FOR:**
12
     vs.                           1.  **VOID CONTRACT**
13                                 2.  **1983 CONSPIRACY TO BREACH OF**
     VERIZON WIRELESS, INC, LOS        **CONTRACT AND DEFRAUD**
14   ANGELES COUNTY SHERIFF'S          **PAYMENTS**
     DEPARTMENT, LOS ANGELES DISTRICT 3. **CONSPIRACY TO DEPRIVE CIVIL**
15   ATTORNEY'S OFFICE, et al.         **RIGHTS**
16                                 4.  **SEXUAL HARASSMENT**
              Defendant(s)         5.  **HARASSMENT**
17                                 6.  **ELECTRONIC STALKING**
                                   7.  **PRELIMINARY INJUNCTION**
18

19

20                                 **(Amount Not Exceeds $75,000.00)**
                                        **(Preliminary Injunction)**
21
                                   **Trial By Jury Demand: No**
22                                 **Demanded Reward: Yes**

23

24   **COMPLAINT FOR DAMAGES**

25
     (Breach of Contract, Defraud and Void Contract)
26
     1.  Complaint for breach and fraudulent contractual activity and schemes while appeared
27
     under the disguise and seemingly legitimate business practices and that while signed to a
28

     _____
     **FEDERAL COMPLAINT**

service contract for, plaintiff was subject to be rendered to secret fraudulent account activity and financial transaction and business practice services for purpose of deceitful intent to defraud and for government interest. see *Jefferson Branch Bank v. Skelly, 66 U.S. (1 Bl) 436, 443 (1862)(reciting court finds of impaired contract by state law: "That state may make a contract not to exercise it only within certain limits with respect to a particular subject and such a contract once made cannot be rescinded by a subsequent legislative act")*

2.  Plaintiff had contractual and financial relationships with cellular service providers and had paid those providers under fraudulent contractual performance that plaintiff had believed he was legitimately paying for private service and was under protected equal services.

3.  Plaintiff had been in continuation of harassed demand and threat of financial settlement from cellular providers' third party agencies and continued receiving billing invoices.

## NATURE OF ACTION

4. The federal civil complaint action is bases on void contracts and other contractual disputatious circumstance, and while having contractual financial transaction collection to the defendants, pursuant 7 USC § 6(2)(B)(C); 41 U.S. C. § 6503(Breach of Contract Term). Plaintiff had thereat in 2020 entered into voluntary contract agreement for cellular services with defendant Verizon, Inc.. And only to discovered that defendant Verizon Wireless, Inc. had adequate knowledge of circumstance that would prevent equal consumer protection privacy rights before plaintiff had entered in agreeable contract that yet

FEDERAL COMPLAINT

1  defendant deceived plaintiff in collective debt and payment collection, as plaintiff's services

2  was purposely allowed interruption by defendant Verizon Wireless, Inc. and enjoined

3  other defendants. As plaintiff services was interrupted plaintiff would receive harassed

4
   and annoyed phone calls every day and sounded intercepted eavesdropping by employees
5
6  of defendant Verizon, Inc.. Defendant was aware of the activity and continue to threaten

7  plaintiff with fraudulent payment billings and billings stated of 'demand for money'.

8

9

10  **JURISDICTION AND VENUE**

11  5.  Plaintiff brings the federal civil action pursuant to 7 U.S.C. § 6(2(B)(C)(Contract

12  Design) and 41 U.S.C. §6503(breach of stipulation) whereas above aforementioned

13
    cellular provider defendants and the aggrieved plaintiff had established  contract
14
15  relationships with defendants. Defendants had fraudulent made financial billing intent to

16  had collection in money payment and continue to demand of plaintiff to pay remining

17
    balance from fraudulent contractual activity.
18

19  6.  Plaintiff further brings the federal civil action pursuant to 15 U.S.C. §78(b)(voidable

20  contract terms), whereas multiple cellular providers defendants, had collectively receiving

21  financial payments through negligent schemes and fraudulent activity over the course of 17

22
23  years and the course of unnecessary assisted government interests. *Golden Pisces, Inc. v.*

24  *Fred Wahl Marine Construction, Inc. 495 F. 3d 1078 (9th Cir. 2007)*("void" comtract "is not

25  *a contact at all")*

26

27  7.  The venue is proper under 28 U.S.C. 1391 and 47 U.S.C.A. 562, whereas defendants

28  accused herein this complaint, had committed the act and act of transitory reasons that had

---

**FEDERAL COMPLAINT**

risen to the offensive acts in contract performance that brough the claims in the district court of Los Angeles Division and as the acts had occurred therewithin the district court of Los Angeles Division.

## PARTIES

(Subjective Obligee and Contracted Plaintiff)

8. CAVIAR MICKENS, as the ("Plaintiff"), and an individually, and citizen of the State of California, and within the territory of the United States is a party to this action. And has been a residence of State of California thereat from 2005 to 20021 and whereas the transaction services had been transparency. Plaintiff now resides [at the address of 2309 Santa Monica Blvd., # 506], Santa Monica, CA 90404 and residing within this Court's jurisdiction.

(Contracted Obligators and Offeree of Non Rendered Performance)

9. Verizon, Inc. whom is a party to this action and is (herein as "Defendant") and the defendant is a California business and business of cellular service provider and and had engaged in illegal contractual acts against plaintiff's contract rights, now reside [at the address 2535 West Hillcrest Drive 2nd Floor Newbury Park, CA 91320], and may be served with a copy of the summon and herein with this complaint pursuant Federal Rules of Civil Procedures Section 4(j)(i).

10. T-Mobile Corporate Office whom is a party to this action and is (herein as "Defendant") and having operating place of business in the State of California but business

FEDERAL COMPLAINT

of executive function in another state and is a business of cellular service provider and had

engaged in illegal contractual acts against plaintiff's contract rights, now reside [at the

address 12920 SE 38th St. Bellevue, WA 98006], and may be served with a copy of the

summon and herein with this complaint pursuant Federal Rules of Civil Procedures

Section 4(j)(i).

11.  Metro PCS Wireless, Inc. whom is a party to this action and is (herein as

"Defendant") and having operating place of business in the State of California but business

of executive function in another state and is a business of cellular service provider and had

engaged in illegal contractual acts against plaintiff's contract rights, now reside [at the

address PO Box 601119, Dallas, TX 75360], and may be served with a copy of the

summon and herein with this complaint pursuant Federal Rules of Civil Procedures

Section 4(j)(i).

**(State and Local Government and Third Party of Non Obligators)**

12.  The Los Angeles Sheriff's Department whom is a party to the action (*Fed. Rul. Civ. Proc §§ 19(1)(B)-20*) and is an ("Defendant") and is a law enforcement service agency of the County of Los Angeles, may be served with U.S. Marshal process (pursuant to *Federal Rules of Civil Procedures Section 4(c)(e)(i)*)) [at the address 500 W Temple St, Room 383, Los Angeles, CA 90012], and served with a copy of the summon and herein

13.  The Los Angeles Police Department whom is a party, is an ("Defendant") and is a law enforcement service agency and therewithin the County of Los Angeles and may be served with U.S. Marshal process (pursuant to *Federal Rules of Civil Procedures Section*

**FEDERAL COMPLAINT**

*4(c)(e)(i)))* [at the address 100 W 1st Street, Los Angeles, CA 90012], and served with a copy of the summon and herein with this complaint. *F.R.C. § 4(j)(i)*

14. Los Angeles District Attorney's Office  is party to the this action and whom is an ("Defendant"), and is a county public office therewithin the County of Los Angeles and may be served with U.S. Marshal process (pursuant to *Federal Rules of Civil Procedures Section 4(c)(e)(i)))* [at the address 211 W Temple St #1200, Los Angeles, CA 90012], and served with a copy of the summon and herein with this complaint. *F.R.C. § 4(j)(i)*.

15. Los Angeles City Attorney's Office is party to the this action and whom is an ("Defendant"), and is a county public office therewithin the County of Los Angeles and may be served with U.S. Marshal process (pursuant to *Federal Rules of Civil Procedures Section 4(c)(e)(i)))* [at the address 200 N Main St, Los Angeles, CA 90012], and served with a copy of the summon and herein with this complaint. *F.R.C. § 4(j)(i)*.

I.
**BACKGROUND**

16. Plaintiff had committed in to a cellular services contract with defendant, T-Mobile Wireless, in approximate year 2007 and into contract term of monthly services.

17. Plaintiff contract term with T-Mobile Wireless Services was of minutes, text messages and internet data services.  Plaintiff was obligated on a contract payment plain term to pay approximate of $70 to $80 for service.

**FEDERAL COMPLAINT**

18.  Plaintiff had contracted services with T-Mobile Wireless Services between 2007 to 20019. And having term in contract for approximately of 8 years. Plaintiff had term in financial payment contract for collectively 8 years, and payments made to defendant believes that had total collectively over $10,000.00 in contract obligation terms.

19.  Plaintiff made payments to the monthly financial term by paper money and debit card sources.

20.  Plaintiff had been referred to financial collection in 2012. Plaintiff was obligated to pay collection debt in approximately over $300 to a defendant T-Mobile Wireless' third party debt collector.

21.  Plaintiff had entered in cellular services contract with defendant, Metro PCS Wireless Inc., in the year 2019 and into contract term of monthly services.

22.  Plaintiff contract term with Metro PCS Wireless Inc. was of minutes, text messages and internet data services. Plaintiff had contracted in a payment plain term at approximately of $89 a month.

23.  Plaintiff had contracted services with Metro PCS Wireless Inc. between April 2019 to July 2019. And having term in contract for approximately 3 months.

24.  Plaintiff had term in financial payment contract for 3 months, and payments made to defendant believes that total to $400 or less in contract obligation terms and while

**FEDERAL COMPLAINT**

the contract term had tolled to three months due to the contract completing in delinquent

contract status and with outstanding due owed to the defendant.


25. Plaintiff had entered in cellular services contract with defendant, Verizon Wireless

Inc., in the year 2020 and into contract term of monthly services.


26. Plaintiff contract term with Verizon Wireless Inc. was of minutes, text messages

and internet data services and payment installment purchases for miscellaneous devices.

Plaintiff was obligated to in payment plain term approximately of $129 to $130 in monthly

services.

27. Plaintiff had contracted services with Verizon Wireless Inc. between April 2020

to November 2020. Plaintiff having financial obligation term in contract for approximately

6 months.

28. Plaintiff made payments in the monthly financial contract term by paper

money and debit card sources to defendant Verizon Wireless Inc..


29. Plaintiff had been referred to financial collection agency (Receivables Performance

Management LLC) in January 2021. Plaintiff had been obligated to owe balance of

$656.27 to defendant Verizon Wireless Inc.. (see exh. C: Settlement Offer, doc.1)

FEDERAL COMPLAINT

## II.
## FACTUAL INFORMATION

30.   Plaintiff had resided in the City of Los Angeles, whereas he had cellular provider services of calling, text messages and internet data plans for approximately 16 years.

31. Plaintiff, Caviar Mickens had contracted with cellular provider T-Mobile Wireless, in 2007. Plaintiff had contract for a term of two years at the monthly charge rate of approximately $79 to $87. Plaintiff had completed the contract term and as during term had encountered with interruptions of services commonly due to failure of timely scheduled payments. see *Adams v. Lin-Dsell, 1818 WL 2306 (U.K. KBD 1818)*(Term offer subject to limitation); *Hirschkorn v. Sever-Son, 319 N.W. 2d 475 (N.D. 1982)*(long-standing agreement term)

32.   Plaintiff had consisted relapsed into services thereafter the two-year term was expired from 2007 to 2009 and, having continued contracted with T-Mobile Wireless from 2009 to 2015 with into contract term obligation.

33.   Plaintiff had intended term in contract (*Rood v. General Dynamics Corp., 444 Mich. 107, 507 N.W. 2d 591 (1993)*("intended to enter")) with financial obligated payment plans for contract services from 2007 to 2009. And had additional continuation from 2009 to 2011, and reenter into financial obligation on a monthly-to-monthly basis from 2014 to 2015.

34.   In the first yearly of term financial obligation plaintiff had paid to T-Mobile Wireless over the estimate amount of $2, 130.00 by paper cash and debit cards.

35.   In the additional continuation and withstanding the first estimate yearly term with defendant in obligation, plaintiff had paid to T-Mobile Wireless in the second term over the estimate amount of $6, 408.00 by paper cash and debit cards.

---

FEDERAL COMPLAINT

36. While plaintiff had contracted in each yearly term with defendant, plaintiff had experienced such services rendered to eavesdropping and electronical hacking whereas unexplained phone services and phone devices had been tracked against policy of the provider. Employees of T-Mobile Wireless, disseminated and shared protected consumer contracted information with other law enforcement agencies or unauthorized person that was not in lawful interest.

37. But, at each yearly term plaintiff had no knowledge or could had not known of the knowledge by any reason due diligence discovery.

38. In the year 2020 plaintiff had discovered and received knowledge of the defendant's employees' act by law enforcement officers whom all prompted plaintiff disturbingly.

39. Plaintiff was adequately informed that "group of individual employees from different T-Mobile Wireless store, were contacting and electronic tracking plaintiff in stalking manners and had release information to law enforcement officer and to unofficial person(s) whom asked 'for plaintiff's cellphone information'.

40. In 2019 plaintiff, Caviar Mickens, had contract with Metro PCS Wireless Services, at the store address of 6412 Pacific Blvd., Huntington Park, CA 90255, therefrom approximately April 2019 to August 2019.

41. Plaintiff had contracted in financial obligation for the service calling, text messages and internet data service plan for the monthly charge amount of $129 to $130 with defendant Metro PCS Wireless.

42. Plaintiff had learned that some employee from a Metro PCS Wireless store where plaintiff had purchased the cell phone device and paid for services had linked plaintiff's cellphone

FEDERAL COMPLAINT

account number to a cellphone program tracker and had than disseminated the conduct among other employees at the store.

43.  Plaintiff had experienced services interruption by the employee(s) acts while contracted for three to four months and as paid services was not rendered in appropriated business performance and quality.

44.  Plaintiff had experienced that outgoing calls was not being performed as plaintiff had attempted dial outgoing calls services would render at interruption and interference by employees of Metro PCS Wireless. Plaintiff would receive harassed incoming calls by employees of the defendant. When defendant's employee(s) had called plaintiff's cellphone number, plaintiff would hear in the background calls of 'the store customer and employees' voice.

45.  Plaintiff had received calls of the employees and would use electronic voice-over device to disguise their voice when they had called plaintiff outside the hours of defendant's business operation.

46.  Plaintiff had paid approximately over $400 to $500 to defendant Metro PCS Wireless while under contract services and services interruption and interference.

47.  Plaintiff had balance due to defendant in the amount over $100, as defendant had demanded when at knowledge of the contract services had been breach by employee(s) misconduct and harassed acts against plaintiff.

48.  In May 2020 plaintiff had seek entered signing and paid contract with Verizon Wireless

FEDERAL COMPLAINT

Inc. for cellular services for calling, text messages and internet data speed.

49.  Plaintiff made financial contract obligation with defendant, and made initiative installment payment of approximately $300 to $400 for a Verizon phone device (Samsung Galaxy) and mobile wifi hotspot jack and call and text message services. (see exh. A: Copied Photo, doc. 1-2)

50.  As plaintiff had completed his' signing contract obligation, plaintiff had witnessed a male stalker whom was not a potential customer and entered the store location of (2712 Main St Santa Monica, CA 90405) of defendant, to prompt and influenced a Verizon female employee to act in disseminating plaintiff's service information, as 'the male person made sounded statements of 'frivolous influent want of attentive to inception of gratification and to indulgent in disgust concerning and regarding plaintiff'', as plaintiff assumed the employee was feeling of revulsion. *816 F. Supp. 432, 440 (W.D. Tex. 1993), aff'd, 36 F. 3d 457 (5th Cir. 1994)* *(Violation Electronic Communication Privacy Act of 1986 when relating to stored wire and electronic communication).*

51.  Plaintiff had serviced with defendant for approximately six to seven months and with extremely unwanted of interruption of services by the provider Verizon Wireless Inc..

52.  Plaintiff addressed the concerns of his' services with defendant, and that defendant had acknowledge the dispute with denial of any culprit involvement into plaintiff cellular service condition. see Patrick S. Atiyah, Promises, Morals and Law (1984)(redressing injuries cause by contract promisee's conflict).

53.  Plaintiff had paid defendant during the defendant's wanton of interrupted services and breach of cellular services.

FEDERAL COMPLAINT

54.  Plaintiff paid for services during the harassed contract term and had paid defendant Verizon Wireless Inc., in the amount of over $1,400 or slightly less.

55.  Defendant has continued harassed plaintiff for settlement of balance in the amount of $656.27 and, deferred balance to collected debt agency to harassed and threated plaintiff in damaging credit line establishment.

56.  Defendant had constructive cause plaintiff into delinquency of the contract tern in 2020 as plaintiff had attempted to make payments before plaintiff had been constructively [employee representative(s) would give plaintiff false or distorted information that would cause plaintiff to believe to the information was true and for plaintiff to react upon information] in delinquent status with Verizon Wireless Inc.. When plaintiff had on many occasions and fairly prompted defendant of 'that plaintiff would make late payments', plaintiff would receive misinformation of account status and the time period due dates for completion of payment arrangements.

57.  Plaintiff had been frustrated by the intentional treatment by defendant Verizon Wireless Inc. and addresses the issues.  Defendant's responses were policy verbatim apologies and did not waive account status from inactive service, and instead service was permanent cancel. see re *International Minerals and Resources, S.A. v. Pappas, 96 F. 3d 586 (2d Cir. 1996)(Contractual Intent); National Environment Service Co. v. Ronan Engineering Co., 256 F. 3d 995, 45 U.C.C. Rep.  Serv. 2d 430 (10th Cir. 2001).*

III.
**CONTINUATION**

58.  Plaintiff had spent over $100 in cellphone applications whereas plaintiff was informed

---

**FEDERAL COMPLAINT**

that all had purchased application was rig and was not legitimated verified application. Added, plaintiff was informed that he was a test-subject to test pilot application programs after plaintiff had made purchases through third parties and third parties' policies, but contracted with T-Mobile Wireless for promotion and advisements.

59.  Plaintiff had always thought, all times "his' contract services and payment were of for legitimate business services" with T-Mobile Wireless, but instead of sub-contracted or intervention by third person and having of electronic linkages into government hacked programs and retarded synchs to fool plaintiff into legitimacy of the app applications. *Downer & Co, LLC v. STI Holding, Inc., 76 Mass. App. Ct 786, 927 N. E. 2d 471 (2010)(reasonable expectation of contract).*

60.  Plaintiff had been darkened in to conditioned of the concealed acts by all cellular providers and in assisted corroboration with the Los Angeles County Sheriff's Department, that all providers were at adequate knowledge of the breach of contract but or not less than all voidable financial obligations when all providers 'whereas giving some reassurance of a false pretense by the third party defendants 'to continue defrauding plaintiff's contract services with the major cellular service providers'. *John J. Brennen Const. Corp., Inc. v. City of Shelton, 187 Conn. 695, 448 A 2d, 180 (1982)*(Restatement of contract); *Adickes v. S.H. Kress & Co., 398 U.S. 144, 170 90 S. Ct. 1598, 26 L. Ed. 2d 142(1970)*("Symbiotic Relationship" and government involvement).

61.  Plaintiff had been incarcerated from 2012 to 2014. When plaintiff had been released from incarceration, plaintiff discovered through his' credit report, that someone in nexus to law enforcement causation [Los Angeles Police Officer(s) had giving an informant

---

**FEDERAL COMPLAINT**

of 'plaintiff personal information' and had open a cellular account with (T-Mobile Wireless) under plaintiff's name and social security in a different state. see *White v. Bloom, 621 F.2d 276 (8th Cir. 1980)(conclusory but, "possible" violation alleged; Smith v. Bacon, 699 F.2d 434 (8th Cir. 1983)(re per curiam of "barely sufficient" allegation); Richardson v. Fleming, 651 F. 2d 366 (5th Cir. 1981)("special solicitude" for complaint could be read as alleging conspiracy)*

62. Plaintiff had discovered by the defendant Los Angeles Police Department 'that group of individual attorneys from the Los Angeles District Attorney's office and the Los Angeles City Attorney's Office were at attributive to plaintiff breach of contract and the interruption of cellular services. Plaintiff was informed " some attorneys from city and county attorney's offices had influence providers to notify them of plaintiff's personal information and so that plaintiff Metro PCS Wireless and Verizon Service Accounts would be take-over accounts by those joined attorneys", in plaintiff's contract services and not in plaintiff's control; Plaintiff had right to consumer privacy and rights to paid for legitimate services without interruption by offerees or third person relation policy. *Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961);see also Katz v. Klehammer, 902 F. 2d 204, 206 (2d Cir. 1990)(Procedural due process violation arising out of a violation of state law—a Parratt random and unauthorized conduct)*

63. Plaintiff had believed that defendant had intend to settle the balance in deceit when plaintiff services was not normal quality services but yet acted as it was legitimate quality.

64. ~~Plaintiff had received a letter from Verizon Wireless Inc. for former existed customers 'whom had purchased a wifi hotspot device and offered to return for exchanged of partial~~

---

**FEDERAL COMPLAINT**

1  ~~reimburse payment that was less than the actual purchase of the device.~~

2

3  65.  ~~After plaintiff fraudulent billing papers was stolen,~~ plaintiff had attempted obtained

4
   the account number defendant had refused to give plaintiff the account and wanted to
5
6  inquisition to plaintiff's claims. Plaintiff discover the Los Angeles County Sheriff's

7  Department informed the provider 'not to give plaintiff his' account number because

8  "plaintiff had believed he wouldn't answer to defendants".

9

10

11  **IV.**
12  **SHOWING PSYCHOTONIC ACTIVITY; PSYCHOMOTOR OF OPERATION**

13
14  66.  It is reasonably believed and affirmed by plaintiff that 'the Los Angeles County

15  Sheriffs and the Los Angeles County District Attorney's Office is causing people to follow

16  plaintiff into his' cell phone devices *(Labella v. F.B.I. (20012), F. Supp. 2d (electronic*

17  *stalking by electronic surveillance)* as well in contract agreement with providers and

18
19  dummifying those ushering in legal ignorance to act upon or joined the continuation of

20  harassing and tracking every plaintiff's cellphone services and cause to interrupted

21  plaintiff's services as plaintiff would make payments of the services.

22

23  67.  Of the influencer defendants' (Los Angeles County Sheriff's Department, Los Angeles

24  Police and Federal Bureau of Investigation) and psychological intent and retarded
25
   intelligent operation of electronic cellphone surveillance stalking of plaintiff CAVIAR
26
27  MICKENS *(Kelsey v. United States, Fed Supp., Case No. 3:18-cv-1009-J-32MCR (2018)*

28  plaintiff had reasonably conceded that the 'defendants and third party defendants are

---

**FEDERAL COMPLAINT**

giving false impression as to committed to or inflicted some causation that would or had resulted in perceiving to loss of out-of-pocket finance or to perceive as escaping plaintiff's awareness and conscionability to the acts by defendants and third party defendants, and only to create and satisfying an secretive adverse affected perception of those perceiving the constructive notice of the acts by the defendants' and third party defendants whom are at breach of or cause to be at breach of plaintiff's contract.

68.  In continuation of the activity by defendants ~~and third party defendants~~, plaintiff had received a letter for the "friendly offer of return of wifi device (portable ~~hotpot-jack~~) and exchange for financial reimbursement of the return device. (see exh. A:Copied Photo of Devices, doc. 1-2). The mental intent ~~and retarded constructive obtaining device~~, seems a purpose to return money to plaintiff because of fraudulent payments and seems to demonstrates the defendants' ignorant confidence to the illegal acts while in contract agreement for fulfillment service quality and performance.

69.  By the psychological acts of the all defendants, plaintiff had suffered out-of-packet expenses and has been threated in collection to pay financial institution to settled in half (50%) the balance in the close approximate amount of $300.  The activity was well known to all defendant in violated acts in the contract and that plaintiff was unconstitutionally and unfairly obligated to pay during the inquality services. The ignorant service activity was insanity and retardation.

---

**FEDERAL COMPLAINT**

**V.**
**CAUSE OF ALLEGATIONS**

**CAUSE OF FIRST ALLEGTION: VOID CONRACT IN ATTRIBUTIVE AT FAULT
AGAINST SAID DEFENDANTS, VERIZON WIRELESS, INC., T-MOBILE
WIRLELESS, METRO PSC WIRELESS INC., AND LOS ANGELES COUNTY
SHERIFF'S DEPARTEMNT**

70.  Plaintiff alleges and in incorporates by reference all of paragraphs 30 through 64 of the

proceeding of the federal complaint and that alleged in substance of void contract. *Larian*

*v. Larian, 123 Cal. App. 4th 751 (2004)(Agreement induced by fraud in the execution is*

*void and fraud); Garbarino v. union Sav. & Loan Ass'n, 107 Colo. 140, 109 P. 2d 638, 132*

*A.L.R. 1480 (1941)(promise to perform a contract); Dineen v. Sullivan, 123 Mont. 195, 213 P.*

*2d 241 (1949)*

71.  Plaintiff further alleges that specific allegation for standing to sue are from

paragraphs numbers 36, 42, 43, 44, 45, 56 and 60 through 62 had raise to reasonable

believe of suspicion and that the acts were constitute the void contracts by the defendants.

*Rawlings v. John Hancock Mut. Life Inc. Co., 78 S. W. 3d 291(Tenn Ct. App. 2001("Voidable*

*contract is not uniform concept: But of important difference"); Wilson v. Layne, 526 U.S.*

*603, 119 S. CT. 1692, 143 L. ED. 2D 818 (1999)(Violation of Fourth Amendment when*

*police bring execution of a warrant and invites members of the media and other parties*

*that was not in aid of execution of the warrant).*

---

**FEDERAL COMPLAINT**

**CAUSE OF SECOND ALLEGTION: 1983 CONSPIRACY TO BREACH OF CONTRACT AND DEFRAUD PAYMENTS IN ATTRIBUTIVE AT FAULT AGAINST SAID DEFENDANTS, VERIZON WIRELESS, INC., T-MOBILE WIRLELESS, LOS ANGELES DISTRICT ATTORNEY'S OFFICE AND LOS ANGELES COUNTY SHERIFF'S DEPARTEMNT**

72.  Plaintiff alleges and in incorporates by reference all of paragraphs 65 through 68 of the proceeding of the federal complaint and that alleged in substance of 1983 conspiracy to breach of contract and defraud payments. see *Weatherford v. Bursey, 429 U.S. 545, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977)*("Intentional interception" of Amendment violation constitute a conspiracy with intended mind to commit; *Paul v. Davis, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976)*(claim of conspiracy to deprive must be stated).

**CAUSE OF THIRD ALLEGTION: CONSPIRACY TO DEPRIVE CIVIL RIGHTS IN COMPARATIVE CONTRIBUTIVE AT FAULT AGAINST SAID DEFENDANTS, VERIZON WIRELESS, INC., METRO PCS WIRELESS INC., T-MOBILE WIRLELESS, LOS ANGELES DISTRICT ATTORNEY'S OFFICE, LOS ANGELES COUNTY SHERIFF'S DEPARTEMNT, LOS ANGELES POLICE DEPARTMENT, LOS ANGELES DISTRICT ATTORNEY'S OFFICE, LOS ANGELES CITY ATTORNEY'S OFFICE**

73.  Plaintiff alleges and in incorporates by reference all of paragraphs 50, 56, 57 and 58 through 65 of the proceeding of the federal complaint and that alleged in substance of conspiracy to deprive civil rights. *Pfannstiel v. City of Marion, 918 F. 2d 1178, 1187 (5th Cir. 1990)*(Conspiracy in general: Governing principle; *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1983); Fries v. Barnes, 618 F.2d 988 (2d Cir. 1980)*(Conspiracy allegation held sufficient); *42 U.S.C.A. 1983*(Fourth Amendment-Violation for warrantless search)

---

FEDERAL COMPLAINT

**CAUSE OF FOURTH ALLEGATION: SEXUAL HARASSMENT AT ATTRIBUTIVE FAULT AGAINST SAID DEFENDANTS, VERIZON WIRELESS, INC., METRO PCS WIRELESS INC., T-MOBILE WIRLELESS, LOS ANGELES DISTRICT ATTORNEY'S OFFICE, LOS ANGELES COUNTY SHERIFF'S DEPARTEMNT, LOS ANGELES POLICE DEPARTMENT, LOS ANGELES DISTRICT ATTORNEY'S OFFICE, LOS ANGELES CITY ATTORNEY'S OFFICE**

74. Plaintiff alleges and in incorporates by reference all of paragraphs 36 through 39 and 42 through 45 and 50 through 58 and 59 through 65 of the proceeding of the federal complaint and that alleged in substance sexual harassment. *(Lugar v. Edmondson Oil Co., Inc. 457 U.S. 922, 102, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)("Joint activity test"–under color of state law it is satisfied when a private party willfully participate in joint activity with state or its agent and that the activity deprived of plaintiff's constitutional rights); California Civil Code § 51.9(sexual harassment business services and professional relationship).*

**CAUSE OF FIFTH ALLEGATION: HARASSMENT AT ATTRIBUTIVE FAULT AGAINST SAID DEFENDANTS, VERIZON WIRELESS, INC., METRO PCS WIRELESS INC., T-MOBILE WIRLELESS, LOS ANGELES DISTRICT ATTORNEY'S OFFICE, LOS ANGELES COUNTY SHERIFF'S DEPARTEMNT, LOS ANGELES POLICE DEPARTMENT, LOS ANGELES DISTRICT ATTORNEY'S OFFICE, LOS ANGELES CITY ATTORNEY'S OFFICE**

75. Plaintiff alleges and in incorporates by reference all of paragraphs 36 through 39 and 42 through 45 and 50 through 58 of the proceeding of the federal complaint and that alleged in substance of harassment. *Rodriguez Garcia v. Davila, 904 F. 2d 90 (1ˢᵗ Cir. 1990)(Symbiotic relationship-that a private party assumed traditional public function);*

FEDERAL COMPLAINT

**CAUSE OF SIXTH ALLEGATION: ELECTRONIC STALKING AT COMPARATIVE ATTRIBUTIVE  AT FAULT AGAINST SAID DEFENDANTS, VERIZON WIRELESS, INC., METRO PCS WIRELESS INC., T-MOBILE WIRLELESS, LOS ANGELES DISTRICT ATTORNEY'S OFFICE, LOS ANGELES COUNTY SHERIFF'S DEPARTEMNT, LOS ANGELES POLICE DEPARTMENT, LOS ANGELES DISTRICT ATTORNEY'S OFFICE, LOS ANGELES CITY ATTORNEY'S OFFICE**

76.  Plaintiff alleges and in incorporates by reference all of paragraphs 39, 42, 44, 45 and 50

of the proceeding of the federal complaint and that alleged in substance of electronic

stalking. *42 U.S.C.A. § 2000aa(a)(Privacy Protection Act);(PenC §646.9(Stalking as felony)*

**CAUSE OF SEVENTH ALLEGTION: FOR PRELIMINARY INJUNCTION ATTRIBUTED AGAINST SAID DEFENDANTS, VERIZON WIRELESS, INC., METRO PCS WIRELESS INC., T-MOBILE WIRLELESS, LOS ANGELES DISTRICT ATTORNEY'S OFFICE, LOS ANGELES COUNTY SHERIFF'S DEPARTEMNT, LOS ANGELES DISTRICT ATTORNEY'S OFFICE**

77.  Plaintiff alleges and in incorporates by reference all of paragraphs 36, 39, 42, 43, 44,

45, 46, 47, 50, 51, 53, 54, 55, 56, 57, 60, 62 and 63 of the proceeding of the federal complaint

and that alleged in substance for preliminary injunction.  *see Nken v. Holder (2009) 556 US*

*418, 428, 129 S. Ct. 1749, 1757; Amoco Production Co. v. Village Gambell, Alaska (1987) 480*

*US 531, 542, 102 S. Ct. 1396, 1402(Grant of an injunction for every violation)*

78. All defendants had invaded consumer rights of the plaintiff upon after plaintiff's

signing into contract and render in return of cellular policy services. And all defendants

had attributed some degree that had mad plaintiff's cellular services at breach with

cellular offerees after plaintiff made financial payments in obligation. *(Meghrig v.KFC*

*Western, Inc. (1996) 516 US 479, 485, 116 S. Ct. 1251, 1254(Mandatory injunction—orders to*

*party to "take action" and prohibitory injunction "restraint a party from further action")*

---

**FEDERAL COMPLAINT**

# VI.
## CONCLUSION AND REMEDIATION

### Conclusion

79. Plaintiff had intend and for the purpose to contractually agreed in full legitimate business services with all cellular services offerees and be obligated to pay for services that would had render at consumer protected private services (Consumer Privacy Act), now plaintiff seek to redress all issues. (see *Davis v. Gracey, 111 F. 3d 1472 (10th Cir. 1997)(federal civil rights action under 1983 for alleged Fourth Amendment violation)* And that without the acquisition and secretive interference or schemed with contractual relationship of unauthorized person or government person or third party therein and thereat with the Los Angeles County Sheriff's Department or Los Angeles Police Department or Los Angeles County District Attorney's Office or Los Angeles City Attorney's Office, of all using plaintiff's account services in fraudulent activity. *Weil v. Centerfit, 201 Ala, 531, 78 So. 885 (1918(interference justify rendering not to pay for third party of services and that person request of services did not benefit from it).*

80. Plaintiff had further intended to had relied on legitimate cellular services *(Hammond v. T.J. Litle & Co., Inc., 82 F.3d 1166 (1st Cir. 1996)(right to demand adequate assurances of performance—perspective nonperformance by obligor excuse the obligee and further circumstance when the obligor having the inability to factual setting contract))* for the purpose of personal enjoyment and for the use of conducting personal or business transactions.

**FEDERAL COMPLAINT**

81.  Plaintiff concludes that all cellular offerees had no honored respect for fulfillment for plaintiff's contract and instead to only to collect financial payments from plaintiff while conditioned to fraudulent services. see *U.S. Pure Earth, Inc. v. Call, 2012 WL 947027 (E.D. Pa 2012)("Parties' intent versus the degree of performance and natural of counterperformance"); U.K. Bradford v. Williams, 1871 WL 1381, (1871-72) LR 7 Ex. 259 (U.K. Ex Ct 18 72(party is guilty of breach of contract or threatens one, that cannot be satisfactorily explained by reference to intention of parties)*

Remediation

82.  Plaintiff seek if in the event of trial or hearing or deposition and by supporting evidence or tangible thing in favor of plaintiff moving papers, that plaintiff be reimburse and recover of all financial obligated or return payments from and for deposits and recovery for money or for nonperformance services values from all cellular providers in the close approximate amount of $7,500.00. *Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed 2d 252 (1978; O'Donnell v. James E. Sipprell, Inc., 163 Wash. 369, 1 P. 2d 322, 76 A.L.R. 1405 (1931)(Plaintiff's recovery---plaintiff rendered part of performance but, received part of consideration—remedy in unenforceable contract).*

83.  Plaintiff seek if in the event of trial or hearing or deposition and by supporting evidence or tangible thing in favor of plaintiff moving papers, that plaintiff be awarded for the allegation For First Cause against all cellular providers in the close approximate amount of $5,000.00. see *Winstar Corp., 518 U.S. 839, 116 S. Ct. 2432, 135 L. Ed. 2d 964 (1996)(damages are default remedy for beach of contract).*

---

**FEDERAL COMPLAINT**

84.  Plaintiff seek if in the event of trial or hearing or deposition and by supporting evidence or tangible thing in favor of plaintiff moving papers, that plaintiff be awarded of injuries from the allegation Fourth and Fifth Causes against all cellular providers and all third person attributed in the causes (see *Cooper v. MRM Investment Co., 367 F. 3d 493, 2004 FED App. 0126P(6th Cir. 2004)(form of harshness or oppressive effect is substantive abuse and overall imbalance of whole contract)),* in the close approximate amount of $8,000.00.

85. Plaintiff seek if in the event of trial or hearing or deposition and by supporting evidence or tangible thing in favor of plaintiff moving papers, that plaintiff be awarded for the allegation for Second and Third Causes against all cellular providers and all third persons in the causes, in the close approximate amount of $7,000.00. *Lewis v. Hyland, 554 F.2d 93 (3d Cir. 1977)(Plaintiff must seek damages); Williams v. Williams, 210 Ala. 372, 98 So. 200 (1923)(Plaintiff may recover from defendant)).*

86.  Plaintiff seek if in the event of trial or hearing or deposition and by supporting evidence or tangible thing in favor of plaintiff moving papers, that plaintiff be awarded of from the allegation for the Sixth Cause against all cellular providers and all third persons attributed in the cause, in the close approximate amount of $5,000.00. *Steve jackson Games, Inc. v. U.S. Secrete Serice, 36 F. 3d 457 (5th Cir. 1994)(remedy for illegal seized of electronic information).*

---

**FEDERAL COMPLAINT**

87. ~~Plaintiff seek in the allegation to reference paragraph 63 a of preliminary injunction order against attributed defendants, Los Angeles County Sheriff's Department and Los Angeles County District Attorney's Office, Verizon Wireless Inc., Metro PCS Wireless Inc. and T-Mobile Wireless: To stop and refrain from influent fraudulent demand for payments.~~

88. Further seek, in the allegation in paragraph 56 a preliminary injunction order for defendant Verizon Wireless Inc. to rescind balance that was held in obligation and under fraudulent obligation, and to correct or restore any information that may had adversely cause damage to plaintiff's financial or credit institution establishment. see *Fischer v. Atlantic Richfield Co., 774 F. Supp. 616 (w.D. Okla. 1989)(subsequent promise to pay barred by statue of limitiation—debt void based on violation and mistake); Winter v. Natural Resources Defense Council, Inc. (2008) 555 US 7, 22, 129 S. Ct. 365, 376(extraordinary remedy may be awarded upon a clear showing that the plaintiff is entitled to such relief)*.

89. ~~And In reference to paragraph 63 a preliminary injunction order from the Los Angeles County Sheriff's Department: To stop and refrain from influence or in giving incitement of instruction or direction in retardation of fraudulent paper billings or activities in cellular services, and or cause of another person to steal for or possess the fraudulent papers in illegal act(s).~~

90. Plaintiff seek, immediate preliminary injunction to stop of electronic cellphone stalking by Los Angeles County Sheriff's Department for purpose of estoppel of the department

---

**FEDERAL COMPLAINT**

1  policy or federal constitution to stop harassing, sexual activity and interference of

2  plaintiff's protected constitutional rights. *18 U.S.C. § 2261A (prohibited attempts); Farris v.*

3  *Seabrook (9th Cir. 2012) 677 F. 3d 858, 864-865(Injunctive relief is properly grant only if*

4  *showing movant satisfies all applied factors to be consider in the alternative testation of*

5  *Winter prong—of serious questions going to merits).*

6

7

8  91.  And injunction to stop defendants Los Angeles County Sheriff's Department (thereof

9  pertaining to any deputies or any authorized person), Los Angeles Police Department

10  (thereof pertaining to deputies or any authorized person, Los Angeles City Attorney's

11  Office (thereof pertaining to deputies or any authorized person) , Los Angeles County

12  District Attorney's Office (thereof pertaining to deputies or any authorized person) of

13  sexual harassment and regardless of locally or judicially or agency's jurisdiction interest

14  (criminal or collective investigative) that may be permitted or authorize by the agencies'

15  department policy or statute. *See in Dennis v. Sparks, 449 U.S. 24, 101 S. Ct. 183, 66 L. Ed.*

16  *2d 185 (1980)(private defendant who conspire in act of immune state judge acted under color*

17  *of law not immune from liability)*

18

19

20

21

22

23

24

25

26

27

28

---

**FEDERAL COMPLAINT**

1

2

3

4

5

6

7                                                              **Respectfully Submitting,**

8

9

10        **Date: 1/27/22**                       **BY:  CAVIAR MICKENS**
                                                        Pro Se Litigant's Name
11

12

13

14

15        Signature

16

17        **Caviar Mickens**
          **2309 Santa Monica**
18        **Santa Monica, CA 90404**
          **Email: Caviarmickens36@yahoo.com**
19        **In Pro Se**

20

21

22

23

24

25

26

27

28

FEDERAL COMPLAINT

## CERTIFICATE OF SERVICE

I, CAVIAR MICKENS HEREBY CERTIFY that I filed today, on Monday, January 31, 2022, the foregoing with the Federal Clerk Office of the Court for the UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION OF LOS ANGELES, which will send notification of such filing of the Federal Tort Claims Complaint to all persons registered and defendants of interest for this case. (*see National Ass'n of Mfrs. v. S.E.C.  956 F. Supp. 2d 43, 75 (D.D.C. 2013)*)(*giving prior notice*)

Plaintiff CAVIAR MICKENS
SELF-REPRESENTING
2309 Santa Monica Blvd.
Santa Monica, CA 90404
Email: Caviarmickens36@yahoo.com
Phone: 424.426.1071

## VERIFIED FEDERAL COMPLAINT

1. I, CAVIAR MICKENS, VERIFIES HEREIN: I am the "Plaintiff" in to be proceeded in a United States District Court, thereof Southern California, Los Angeles Division, and am bring a federal complaint action for BREACH OF CONTRACT and other disputes therein stated in the complaint against defendant(s), Verizon Wireless Inc., T-Mobile Wireless, Metro PCS Wireless Inc., Los Angeles County, Los Angeles County Sheriff's Department, Los Angeles Police Department, Los Angeles District Attorney's Office, Los Angeles City Attorney's Office, thereof which each said defendants are resided of place of business within jurisdiction of the federal court pursuant *Fed Rul. Civ. Proc. §§ 4(e)(i)-82* as well under *Title 28 U.S.C. §1343(3)*.

Dated:1/26/21                          BY: CAVIAR MICKENS
                                       Pro Se Litigant's Name

                                       Signature

                                       Caviar Mickens
                                       2309 Santa Monica
                                       Santa Monica, CA 90404
                                       Email:
                                       Caviarmickens36@yahoo.com
                                       Ph.: 424.436/1071
                                       In Pro Se

VERIFICATION

PAGE 1 OF 1